RANDOLPH MOORE, Appellant, *v.* THE
STATE OF NEVADA, Respondent.

No. 17900

May 18, 1988                                    754 P.2d 841

*Earl T. Ayers,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Rex Bell,* District Attorney, *James Tufteland,* Deputy District Attorney, *Daniel M. Seaton,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, SPRINGER, J.:

This is an appeal from a judgment of conviction and the subsequent sentence of death. Once again we are faced with the problematic issue of prosecutorial misconduct. In support of his claim of a fundamentally unfair trial, Randolph Moore submits more than twenty alleged incidents of prosecutorial misconduct occurring at his penalty hearing.

Randolph Moore, Dale Flanagan and two others were jointly tried and subsequently convicted of the murders of Carl and Colleen Gordon. The underlying facts of this case have been adequately set forth in our opinion in the case of Flanagan v. State, 104 Nev. 105, 754 P.2d 836 (1988). In addition, a substantial portion of the incidents of prosecutorial misconduct currently propounded by Randolph Moore have been directly addressed in the *Flanagan* opinion. Having meticulously reviewed Moore's claims of misconduct and for the reasons set forth in *Flanagan,* we conclude that Moore was indeed denied a fair penalty hearing.

We have carefully examined Moore's remaining assignments of error concerning the judgment of conviction and find them to be without merit. However, the cumulative effect of the prosecutor's extensive misconduct at the penalty hearing is of such magnitude as to render Moore's penalty hearing fundamentally unfair. Accordingly, we reverse Moore's sentence and remand this case for a new penalty hearing. In all other respects, we affirm the judgment of conviction.

Young and MOWBRAY, JJ., concur.

GUNDERSON, C. J., and STEFFEN, J., concurring and dissenting:

We agree that any improprieties which may have occurred during the guilt phase of the trial were not prejudicial. However, for the reasons set forth in the dissent to Flanagan v. State, 104 Nev. 105, 754 P.2d 836 (1988), we respectfully dissent from the majority opinion insofar as it requires a new penalty hearing.